CO 109A - Rev. 3/2010

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America ) | |
| ) | |
| vs. ) | Criminal No:  23-309 (01) (RC) |
| Shamell Naquan Joyner ) | |
| ) | |
| ) | |

## NOTE FROM JURY

The jury remains deadlocked on or unable to vote on the remaining 15 counts in this case. Our differences are in the areas of what constitutes reasonable doubt and in how to determine identity beyond a reasonable doubt. We have taken multiple votes on each of these counts, and we have re-read the jury instructions several times. We have reviewed the evidence and testimony for each count, and we do not believe members of the jury will change their votes. We do not have any additional legal questions. In the absence of additional evidence or testimony, we cannot reach verdict on the remaining 15 counts.

Date: 7/27/26

Time: 2:04 pm

FOREPERSON



Note 8

CO 109A - Rev. 3/2010

## UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| vs. | ) | Criminal No:   23-309 (01) (RC) |
| Shamell Naquan Joyner | ) | |
| | ) | |
| | ) | |

### NOTE FROM JURY

The jury has reached unanimous verdicts on 13 of 28 counts. We are hung on the other 15 counts or we are unable to vote on them because of the dependence on other counts. We have had extensive deliberation on these split decisions and need further guidance to proceed.

Date: 7/27/26

Time: 11:42 am

_____
FOREPERSON

Note 7

CO 109A - Rev. 3/2010

## UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

United States of America              )
                                      )
                  vs.                 )          Criminal No:    23-309 (01) (RC)
Shamell Naquan Joyner                 )
                                      )
                                      )

### NOTE FROM JURY

Be advised Juror #1 was in Giant supermarket
on Alabama Ave SE Sat 7/25. While she was in line
She overheard a woman (4 people in front of her) say
"She's a juror on my brothers trial." The woman did not
directly talk to Juror #1. Juror #1 did not directly
talk to the woman.

As a jury we Thought we would notify the judge.

Date: 7/27/26

Time: 9:45am

FOREPERSON

Note 6

CO 109A - Rev. 3/2010

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA    ) | |
| )  | |
| vs.                                      ) | Civil/Criminal No.: __CR 23-309 (01) (RC)__ |
| SHAMELL NAQUAN JOYNER    ) | |
| )  | |
| )  | |

## NOTE FROM JURY

Please provide a written list of latent prints taken in this case and any results from the testing of such prints.

Date: __7/24/26__

Time: __1:29 PM__

FOREPERSON

Notes

CO 109A - Rev. 3/2010

## UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |  |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| vs. | ) | Civil/Criminal No.: | CR 23-309 (01) (RC) |
| SHAMELL NAQUAN JOYNER | ) | | |
| | ) | | |
| | ) | | |

### NOTE FROM JURY

With respect to Count 10, please clarify whether element #3 would be met if the vehicle was transported to Maryland. The first paragraph of the count specifies transportation of the vehicle from D.C. to V.A.

Additionally, please explain what is sufficient for a person to cause a vehicle to be transported.

Date: 7/23/2026

Time: 4:39 pm

FOREPERSON

#4

CO 109A - Rev. 3/2010

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Civil/Criminal No.: CR 23-309 (01) (RC) |
| SHAMELL NAQUAN JOYNER ) | |
| ) | |
| ) | |

## NOTE FROM JURY

In the Consideration of any individual ~~account~~ Count, are we permitted to use all of the evidence in the case? Or do we only use the evidence that is ~~closely~~ chronologically or situationally tied to that Count? For example, can an action on a separate date inform intent to cause serious bodily harm at a separate date?

Date: 07/22/26

Time: 10:13 am

FOREPERSON

\#3

CO 109A - Rev. 3/2010

## UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA )

vs. )

SHAMELL NAQUAN JOYNER )

)
)
)
)

Civil/Criminal No.: CR 23-309 (01) (RC)

## NOTE FROM JURY

Please clarify whether we can consider an offense committed "on or about" May 2, 2023 for count 28. Page 44 of the general instructions lead us to believe that all charges can be considered "on or about a particular date or date range". Page 89 says "on May 2, 2023", not "on or about May 2, 2023".

Date: 7/21/26

Time: 3:05pm

FOREPERSON

#2

CO 109A - Rev. 3/2010

# UNITED STATES DISTRICT AND BANKRUPTCY COURTS
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| )  | |
| vs.  ) | Civil/Criminal No.: CR 23-309 (01) (RC) |
| SHAMELL NAQUAN JOYNER  ) | |
| )  | |
| )  | |

## NOTE FROM JURY

Counts four and twenty-five both depend on an intent to cause death or serious bodily harm.

Instruction 3.101 speaks to proof of state of mind. Is there an expanded legal definition of intent?

Related questions:
1) Would intent to cause death or serious bodily injury contingent on the victim's non compliance meet the threshold?
2) Would a willingness to cause death or serious bodily injury in furtherance of this crime meet the threshold?
3) Page 56 references seriously [sic] bodily harm, page 57 references "serious bodily injury"- Are these the same?

Date: 7/21/26

Time: 3:51 pm

FOREPERSON

#1